[Civil No. 2167. Filed May 24, 1924.]

[226 Pac. 212.]

R. L. HERRELL, SARAH F. HERRELL, His Wife, and JAMES REAY, Appellants, v. EULA L. STUART, Widow of W. A. STUART, Deceased, Appellee.

APPEAL AND ERROR — CAUSE RETURNED FOR RETRIAL AS TO TWO DE-FENDANTS, ON ONE OF WHOM SUMMONS WAS NOT SERVED.—Case, in which widow, plaintiff and appellee, was vested with title to land on condition that sum paid for title by one defendant be refunded and become lien on premises and that certain sum be paid to codefendant, from whom widow derived interest, but no lien being created for payment of latter sum, returned for retrial as to both defendants, where necessitated as to latter because summons was served on lawyer mistakenly supposed to represent him, as his rights against other defendant might otherwise be prejudiced.

APPEAL from a judgment of the Superior Court of the County of Cochise. W. A. O'Connor, Judge. Decree vacated and cause remanded for new trial.

Messrs. Doan & Stephenson, for Appellants.

Mr. David Benshimol and Messrs. Knapp, Boyle & Pickett, for Appellee.

LYMAN, J.—This is an equity cause in which Eula L. Stuart asks the court to invest her with title to a quarter-section of land, and that the title in said premises held by one of the defendants, Reay, be decreed to be held by him in trust for her.

The decree grants the relief asked for, but upon condition that the sum of $1,298, which had been paid for the title by Reay, be refunded to him, and become a lien upon the premises until paid. The de-

See 21 R. C. L. 1262.
See 4 C. J. 1182.

cree also provides that the sum of $1,500 be paid to another defendant, Herrell, from whom Stuart had derived her interest in the premises, but not creating any lien upon the premises for the payment of this money.

Both Reay and Herrell appeal from the decree, though neither Herrell nor his wife, who is also a party, were served with summons, and did not appear in the action except to move for a new trial and give notice of appeal. Service upon the Herrells was attempted by serving the summons upon a lawyer who was supposed to represent Herrell, but who, it was disclosed, was without authority in the premises.

It is therefore necessary to send the case back for a retrial, at least as to Herrell. Counsel for plaintiff and appellee suggests that a trial of the rights of Herrell does not necessarily involve a retrial as to Reay, unless it appears that some error was committed affecting his interest. Herrell has not had his day in court, and what may be developed as to his rights against Reay is uncertain. His equities appeal to us strongly. We are not inclined to leave the case in such a situation that his rights may be prejudiced. In one respect it is evident that the interests of these two defendants may be adverse to each other. As the decree now stands, Reay holds a lien upon the premises which another trial may disclose should be subsequent to the claim of Herrell. This adjustment could not be made without a new trial as to both Herrell and Reay. Under these circumstances, it would not only be useless to here pass upon the merits of the appeal as affecting the controversy between Stuart and Reay, but would necessarily tend to prejudice the rights of Herrell.

For these reasons the decree will be vacated, and the case returned for a new trial.

McALISTER, C. J., and ROSS, J., concur.